**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAY SAMELSON, | : | |
| | : | Civil Action No. 11-853 (RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CHARLES WARREN, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

**JAY SAMELSON**, Petitioner pro se
449314-387443B
Kintock IV, Building 1
4 South Industrial Blvd.
Bridgeton, New Jersey 08302

**JASON MAGID**, Counsel for Respondent
Assistant Prosecutor
Camden County Prosecutor's Office
25 North Fifth Street
Camden, New Jersey 08102

**BUMB, District Judge**

This matter is before the court pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2254, filed by Petitioner Jay Samelson ("Petitioner"). The respondent is Charles Warren. For the reasons stated below, the Petition is denied on the merits.[1]

---

[1] To the extent that Petitioner's claims are procedurally defaulted and/or unexhausted, as argued by Respondent, this Court will deny them on the merits pursuant to 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). See Bronshtein v. Horn, 404 F.3d 700, 728 (3d Cir. 2005) ("We would permit Bronshtein to attempt on remand to establish a reason to excuse his procedural

**I. BACKGROUND**

On February 10, 2003, Petitioner pled guilty to two counts of first degree carjacking in violation of N.J.S.A. 2C: 15-2a(2) in exchange for the dismissal of the remaining counts of the sixteen count indictment. (Resp't's Answer, Ex. Rta1, Plea Tr. 2:6-13, February 10, 2003.) Specifically, in return for Petitioner's guilty plea, the State agreed to recommend a concurrent term of thirteen years, subject to the No Early Release Act[2]; a five year period of parole supervision upon his release; and all mandatory fines and penalties. (Id. at 2:13-22.)

Petitioner provided a factual statement in support of his guilty plea. He stated the following: On May 9, 2002, in Berlin, New Jersey, Petitioner, armed with a BB gun, approached an individual's vehicle while that individual was inside of the vehicle at a car wash. (Id. at 10:1-12.) While pointing the BB gun at him, Petitioner forced the victim to take him to an ATM machine where he had the victim withdraw money and give it to him. (Id. at 10:15-25.)

---

default, but we find it unnecessary to do so because it is apparent that the claims in question lack merit. Under 28 U.S.C. § 2254(b)(2), we may reject claims on the merits even though they were not properly exhausted, and we take that approach here").

[2] N.J.S.A. 2C:43-7.2, No Early Release Act, mandates a period of parole ineligibility of eighty-five percent of the sentence imposed upon convictions of certain enumerated crimes, in particular, the crime of first degree carjacking, N.J.S.A. 2C:15-2a(2) and/or (4).

He also stated that on May 16, 2002, in Berlin, New Jersey, Petitioner, armed with a BB gun, attempted to rob another victim as he had done on May 9, 2002, while at the same car wash. (Id. at 12:1-7.) However, during a scuffle, the victim escaped. (Id.) Petitioner took the victim's vehicle and thereafter, was arrested by law enforcement in said vehicle. (Id. at 12:5-16.)

On March 28, 2003, Petitioner was sentenced in accordance with the negotiated plea agreement, to a concurrent term of thirteen years, subject to the NERA five year period of parole supervision upon his release, and all mandatory fines and penalties. (Resp't's Answer, Ex. Rta2, Sentencing Tr. 6:4-20, March 28, 2003.)

On July 10, 2006, Petitioner filed an appeal of his conviction, nunc pro tunc, with the Superior Court of New Jersey, Appellate Division. In three different orders issued on September 14, 2006, November 30, 2006, and January 29, 2010, the Appellate Division directed Petitioner to provide a certification from his trial attorney, pursuant to State v. Molina, 187 N.J. 531 (2006), and State v. Altman, 181 N.J. Super. 539 (App. Div. 1981), certifying that he or trial counsel had made a timely request for an appeal or in the alternative, that he had requested trial counsel to file a timely appeal on his behalf. (Resp't's Answer, Ex. Ra5-7.) Petitioner never complied with said instruction and on April 13, 2010, the Appellate Division

denied his request for reconsideration. (<u>Id.</u> at Ra8.)

On April 27, 2010, Petitioner submitted a request to file a petition for certification as within time and petition for certification to the New Jersey Supreme Court. (<u>Id.</u> at Ra11.) Petitioner argued that the Appellate Division had erred in finding that he had failed to satisfy the criteria set forth in <u>State v. Altman</u>, 181 N.J. Super. 539 (App. Div. 1981), and that the State had waived its right to respond to the petition for certification because it had failed to file any response in the Appellate Division. (<u>Id.</u> at Ra11.) On November 16, 2010, the New Jersey Supreme Court allowed Petitioner to file his petition for certification as within time, but denied the petition for certification. (<u>Id.</u> at Ra10 & 14.)

While his appeal was pending before the Appellate Division, Petitioner filed a petition for post-conviction relief in the New Jersey Superior Court, Law Division, Criminal Part, Camden County. In an order dated March 5, 2010, the judge dismissed the petition without prejudice since Petitioner filed it while his petition for certification to the New Jersey Supreme Court was still pending. (<u>Id.</u> at Ra9.)

On February 16, 2011, Petitioner filed the instant petition for writ of habeas corpus. (Docket Entry No. 1.) Thereafter, on April 25, 2011, he filed a legal memorandum in support of his petition. (Docket Entry No. 3.) He raises only one ground:

4

> The lower court (Camden, Law Division) failed to properly sentence in accordance with the 2C Criminal Code Sentencing Guidelines. There were substantial, competent, credible mitigation found in the Record, and noted by the Sentencing Judge, but the same mitigation was not properly weighed and balanced to arrive at the appropriate sentence in accordance with state decisional law. The New Jersey State Appellate Court and the state's high court refused to hear arguments on the issue required under state law.

(Pet. 6.)

## II. DISCUSSION

### A. Legal Standard

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State...

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). The "unreasonable application" prong of AEDPA applies when a "state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts." Adamson v. Cathel, 633 F.3d 248, 255-56 (3d Cir. 2011)(quoting Wiggins v. Smith, 539 U.S. 510, 520, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003). The test is "an objective one and does not permit a court to grant relief simply because the state court might have incorrectly applied federal law to the facts of a certain case." Id. (citing Wiggins, 539 U.S. at 520-21).

A state court may render an adjudication on the merits of a

6

federal claim by rejecting the claim in an order unaccompanied by an opinion explaining the reasons relief has been denied. See Harrington v. Richter, ---U.S. ----, ----, 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011) ("a state court need not cite or even be aware of [Supreme Court] cases.... Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.")

With respect to claims presented to, but unadjudicated by, the state courts, however, a federal court may exercise pre-AEDPA independent judgment. See Hameen v. State of Delaware, 212 F.3d 226, 248 (3d Cir. 2000); Purnell v. Hendricks, 2000 WL 1523144, at *6 n.4 (D.N.J. October 16, 2000). In such instances, "the federal habeas court must conduct a de novo review over pure legal questions and mixed questions of law and fact, as a court would have done prior to the enactment of AEDPA." Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001) (citing McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999)). "However, § 2254(e)(1) still mandates that the state court's factual determinations are presumed correct unless rebutted by clear and convincing evidence." Simmons v. Beard, 590 F.3d 223, 231 (3d Cir. 2009)(citing Appel, 250 F.3d at 210.)  The deference required by § 2254(d) applies without regard to whether the state court cites to Supreme Court or other federal caselaw, "as long as the

7

reasoning of the state court does not contradict relevant Supreme Court precedent." Priester v. Vaughn, 382 F.3d 394, 398 (3d Cir. 2004) (citing Early v. Packer, 537 U.S. 3 (2002); Woodford v. Visciotti, 537 U.S. 19 (2002)).

Finally, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969).

**B. Analysis**

A federal court's ability to review state sentences is limited to challenges based upon "proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigencies." See Grecco v. O'Lone, 661 F.Supp. 408, 415 (D.N.J. 1987) (citation omitted). Thus, a challenge to a state court's discretion at sentencing is not reviewable in a federal habeas proceeding unless it violates a separate federal constitutional limitation. See Pringle v. Court of Common Pleas, 744 F.2d 297, 300 (3d Cir.1984). See also 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67 (1991).

8

"The Eighth Amendment, which forbids cruel and unusual punishments, contains a 'narrow proportionality principle' that 'applies to noncapital sentences.'"  Ewing v. California, 538 U.S. 11, 20, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003) (citations omitted).  See also U.S. v. Walker, 473 F.3d 71, 79 (3d Cir. 2007).  The Supreme Court has identified three factors that may be relevant to a determination of whether a sentence is so disproportionate to the crime committed that it violates the Eighth Amendment: "(1) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." Solem v. Helm, 463 U.S. 277, 292 (1983).  Additionally, Justice Kennedy has explained that Solem does not mandate comparative analysis within and between jurisdictions, see Harmelin v. Michigan, 501 U.S. 957, 1004–05 (Kennedy, J., concurring in part and concurring in judgment), and he has identified four principles of proportionality review—"the primacy of the legislature, the variety of legitimate penological schemes, the nature of our federal system, and the requirement that proportionality review be guided by objective factors"—that "inform the final one: The Eighth Amendment does not require strict proportionality between crime and sentence.  Rather, it forbids only extreme sentences that are 'grossly

9

disproportionate' to the crime." Id. at 1001 (citations omitted); Ewing, 538 U.S. at 23.

Here, Petitioner's challenge to the state court's sentencing would not be reviewable in this Court; he has presented no argument why his sentence is unconstitutional. Rather, he only argues that the sentencing judge violated New Jersey sentencing guidelines by failing to consider certain mitigating factors. This Court finds that Petitioner's sentence is not "grossly disproportionate" to the crime he committed and as such, even had he exhausted his remedies related to this issue, would not be entitled to relief on this ground.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Here, jurists of reason would not disagree with this Court's

finding that Petitioner has failed to make a substantial showing of the denial of a constitutional right.  No certificate of appealability shall issue.

**IV. CONCLUSION**

For the reasons set forth above, the Petition must be denied.  An appropriate order follows.


<pre>
                                s/Renée Marie Bumb
                                RENÉE MARIE BUMB
                                United States District Judge
</pre>

Dated: March 15, 2012

11